3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN JESUS CHAVEZ, INDIVIDUALLY, A/N/F JULISA CHAVEZ AND JESSE R. CHAVEZ, MINOR CHILDREN AND AS REPRESENTATIVE OF THE ESTATE OF JUANITA C. CHAVEZ, DECEASED; SANDRA CRUZ, INDIVIDUALLY, A/N/F CASSANDRA CRUZ AND AS REPRESENTATIVE OF THE ESTATES OF CASEY R. CRUZ AND NOE CRUZ, JR. MINOR CHILDREN, DECEASED; VIRGINIA CRUZ; and DIEGO MORALES, JOANNE CRUZ MENDEZ, MARIA ELENA MARTINEZ AND JUAN JESUS CHAVEZ, AS LEGAL GUARDIAN OF MANUEL SAYAS | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-02-012 (Jury Requested) |
| v. | § § § | |
| GENERAL MOTORS CORPORATION, ROBERTO CRUZ D/B/A CRUZ TRUCKING and NOE CRUZ, SR. | § § § § | |

## PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JUAN JESUS CHAVEZ, INDIVIDUALLY, A/N/F JULISA CHAVEZ AND JESSE R. CHAVEZ, MINOR CHILDREN AND AS REPRESENTATIVE OF THE ESTATE OF JUANITA C. CHAVEZ, DECEASED; SANDRA CRUZ, INDIVIDUALLY, A/N/F CASSANDRA CRUZ AND AS REPRESENTATIVE OF THE ESTATES OF CASEY R. CRUZ AND NOE CRUZ, JR., DECEASED; VIRGINIA CRUZ; DIEGO MORALES, JOANNE CRUZ MENDEZ, MARIA ELENA MARTINEZ AND JUAN JESUS CHAVEZ, AS LEGAL GUARDIAN OF MANUEL SAYAS, hereinafter called Plaintiffs, and file this their motion to remand pursuant to 28 U.S.C. §1447(c) moves this court for an order remanding this case

to the 357th Judicial District Court of Willacy County, Texas on the grounds that removal was improperly made because this court lacks jurisdiction over the subject matter of the state court proceeding.

## INTRODUCTION

1. Plaintiffs are JUAN JESUS CHAVEZ, INDIVIDUALLY, A/N/F JULISA CHAVEZ AND JESSE R. CHAVEZ, MINOR CHILDREN AND AS REPRESENTATIVE OF THE ESTATE OF JUANITA C. CHAVEZ, DECEASED; SANDRA CRUZ, INDIVIDUALLY, A/N/F CASSANDRA CRUZ AND AS REPRESENTATIVE OF THE ESTATES OF CASEY R. CRUZ AND NOE CRUZ, JR., DECEASED; VIRGINIA CRUZ; DIEGO MORALES, JOANNE CRUZ MENDEZ, MARIA ELENA MARTINEZ AND JUAN JESUS CHAVEZ, AS LEGAL GUARDIAN OF MANUEL SAYAS; Defendants are GENERAL MOTORS CORPORATION, ROBERTO CRUZ D/B/A CRUZ TRUCKING and NOE CRUZ, SR.

2. On December 14, 2001, Plaintiffs sued Defendants in connection with an automobile accident which occurred on August 10, 2001, involving a 2000 Chevrolet Tahoe manufactured by Defendants General Motors Corporation which was being driven by Defendant Noe Cruz, Sr., while acting in the course and scope of his employment with Roberto Cruz D/B/A CRUZ TRUCKING.

3. Defendant General Motors Corporation was served with the lawsuit on January 25, 2002. Defendants Roberto Cruz and Noe Cruz, Sr., were served with a lawsuit on December 18, 2002.

4. Defendant General Motors Corporation filed its notice of removal on January 22, 2002. However, General Motors corporation failed to state in its certificate of service the date upon which it served all known counsel of record by mailing certified mail. Plaintiffs

2

received the notice of removal on January 25, 2002.

## ARGUMENT

5. The Court may remand a case on the basis of any defect identified in the motion for remand made within thirty (30) days after the filing of the notice of removal under 28 U.S.C. § 1446(a). 28 U.S.C. § 1447(c). In addition under 28 U.S.C. § 1446(4) the United States District Court in which such notice is filed shall examine the notice promptly and if it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

6. The court should remand this case to state court because the parties are not diverse. See Dardin v. Ford Consumer Fin. Co., 200 F3rd 753, 755 (11th Cir. 2000); Laughlin v. Kmart Corp., 50 F3d 871, 873 (10th Cir. 1995). The Plaintiffs are Texas residents residing in Willacy County. Defendants Roberto Cruz D/B/A Cruz Trucking and Defendant Noe Cruz, Sr., are Texas residents residing in Willacy County. Plaintiffs properly joined and served these parties with the lawsuit on December 18, 2001. At the time of the accident Noe Cruz, Sr., was in the course and scope of his employment with Cruz Trucking. Noe Cruz, Sr., had been requested by his employer Roberto Cruz D/B/A Cruz Trucking to drive to New Mexico to pick up a truck and trailer to bring back to Willacy County. While traveling to the state of New Mexico he was giving the Plaintiffs a ride to a funeral. The accident occurred while he was traveling to New Mexico and while he was driving the Chevrolet Tahoe to the state of New Mexico. Defendant Noe Cruz, Sr., is potentially liable to the Plaintiffs for negligent conduct in connection with his operation of a motor vehicle. There is no dispute that Noe Cruz, Sr., was driving the Chevrolet Tahoe when the accident occurred. Roberto Cruz, D/B/A Cruz Trucking is potentially liable to the

Plaintiffs for damages sustained in connection with personal injuries and wrongful death claims and survival actions under the doctrine of respondent superior and the theory of vicarious liability which attaches to an employer when his agent is acting on his behalf and commits negligent acts which are a proximate cause of injury. All of the Plaintiffs and the Defendants Roberto Cruz, D/B/A Cruz Trucking and Noe Cruz, Sr., are citizens of the United States. Contrary to Defendant GMC's allegations of fraudulent joinder, the circumstances of this case do not authorize removal of this suit. In *Cobb v. Delta Exports, Inc.*, 186 F3d 675, 677 (5th Cir. 1999), the court recently explained the doctrine of fraudulent joinder as follows:

> Under that doctrine, a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined - *i.e.*, when "either...there is no possibility that the plaintiff would be able to establish a cause of action against the in-state-defendant in state court; or ...there has been outright fraud in the plaintiffs' pleading of jurisdictional facts. *Jerningan v. Ashlen Oil, Inc.*, 989 F3d 812, 815 (5th Cir. 1993) (*B. Inc. v. Miller Brewing Co.*, 663 F2d. 545, 554 (former 5th Cir. Dec. 1981)).

7.  In this case Noe Cruz, Sr., had a duty exercise ordinary care in the operation of the Chevrolet Tahoe and the allegations in Plaintiffs original petition clearly state he was negligent on the occasion in question. In addition Roberto Cruz, D/B/A Cruz Trucking can be held liable for the damages sustained to the Plaintiff for any proportionate responsibility assigned to Noe Cruz, Sr., as he was acting in the course an scope of his employment at the time of the accident. Accordingly there is a cause of action against both these Defendants and the joinder of these defendants in the state court action defeat diversity

jurisdiction. Although Defendant GMC relies on fraudulent joinder it is interesting to note that in its original answer Defendant GMC alleges in paragraph in V. , that Noe Cruz, Sr., committed negligent acts and or omissions which were a proximate or producing cause or the sole a proximate cause or the sole producing cause in the action in question and any alleged resulting injuries or damages thereof. In the original petition, Plaintiffs include parties which are non-family members of Noe Cruz, Sr. These Plaintiffs include Juan Jesus Chavez, individually and A/N/F of Julisa Chavez and Jesse R. Chavez, minor children, who are seeking damages against GMC, Noe Cruz, Sr., and Roberto Cruz, D/B/A Cruz Trucking in connection with the death of Juanita C. Chavez who was the wife of Juan Jesus Chavez and mother of the minor children. Clearly these Plaintiffs have a cause of action against Noe Cruz, Sr., Roberto Cruz, D/B/A Cruz Trucking, separate and apart from the claims asserted by Sandra Cruz.

8. In its notice of removal GMC improperly relies on a realignment argument in an effort to establish diversity jurisdiction. Defendant GMC sites the case of *Loe v. Ingles Shipbuilding,* 723 F2d. 1173 (5th Cir. 1984) for its argument to realign the parties. In that case the fifth circuit concluded that there was no dispute between the Plaintiffs and Owens-Corning (a Co-Defendant) and the record reflected that the Plaintiffs and Owens-Corning had essentially resolved their differences prior to the commencement of the lawsuit. The facts of that case are inapplicable and completely distinguishable from the case at bar. The Plaintiffs have not resolved any dispute with Noe Cruz, Sr., or Cruz Trucking Co. prior to the commencement of the suit and the insurance company for Cruz Trucking has retained counsel to defend both Roberto Cruz, D/B/A Cruz Trucking and Noe Cruz, Sr. The principle matter at issue is whether or not there was a product defect and whether or

not there was driver negligence which were a producing cause of the occurrence in question.

9. GMC relies on *Griggs v. State Farm Lloyds*, 181 F3d. 694,699 (5th Cir. 1999) and *Cavalinie v. State Farm Mutual Auto Insurance Co.*, 44 F3d. 256, 260 (5th Cir. 1995) to support its claim that Roberto Cruz, D/B/A Cruz Trucking was fraudulently joined. GMC's reliance on these cases is misplaced. In <u>Griggs v. State Farm Lloyds</u>, Griggs joined the insurance company State Farm Lloyds and his independent State Farm Lloyds agent. The agent was never served. State Farm Lloyds removed the case alleging diversity jurisdiction. In this case, the Fifth Circuit noted that the only allegation against the agent was that he issued an insurance policy. No other facts were alleged and the legal claims focused solely upon State Farm Lloyds conduct in the processing and ultimate denial of his claim. In the case at bar, Plaintiffs have alleged that Noe Cruz, Sr., committed acts of negligence which were a proximate cause of the accident. Furthermore, Plaintiffs allege in its original petition that Roberto Cruz, D/B/A Cruz Trucking, " is liable to Plaintiffs because Noe Cruz, Sr., was acting in the course and scope of his employment of Roberto Cruz, D/B/A Cruz Trucking at the time of the accident." These facts give rise and trigger the doctrine of respondent superior for the conduct of the agent Noe Cruz, Sr. The facts in the case at bar of distinguishable and completely different that those facts in <u>Griggs v. State Farm Lloyds</u>. Texas Rules of Civil Procedure Rule 45 requires that Plaintiff's pleadings consist of a statement in plain and concise language of the Plaintiff's cause of action. Texas Rules of Civil Procedure Rule 45 (b). In *Perez v. Briorcroft Serv. Corp.*, 809 S.W.2nd 216, 218 (Tex. 1991) the supreme court stated " the purpose of pleading is to give the adversary parties notice of each (parties) claims and defenses, as well as notice of the

6

relief sought. In *Wal-Mart v. Itz*, 21 S.W. 3d 456, 470-471 (Tex. App.- Austin 2000, no pet.) the Austin Court of Appeals stated that "the court should uphold the petition where a cause of action may reasonably be inferred from what is specifically stated therein, even if an element of the action is not specifically alleged. " In *Paramount Pipe & Supp. Co. v. Muhr*, 749 S.W. 2d 491, 494-95 (Tex. 1988) the court stated " the purpose of the fair notice requirement is to provide the opposing party with sufficient information to enable him to prepare a defense." Texas Rules of Civil Procedure 45 does not require that the Plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action."

10. The Pleadings in Plaintiffs' original petition clearly state that Noe Cruz, Sr., is being sued for acts of negligence in connection with his driving of the Chevrolet Tahoe 2000 and that Roberto Cruz, D/B/A Cruz Trucking is being sued for vicarious liability in connection with the fact that Noe Cruz, Sr., was acting in the course and scope of his employment at the time of the accident. The question is simply whether there is any possibility that Plaintiffs will be able to establish liability against the non-divese party in question. *Datsun v. Spiliada Maritime Corps.*, 951 F2d. 40, 42 (5th Cir. 1992); *Richie v. Upjohn Drug Co.*, 123 F3d 1313, 1318-1319 (9th Cir. 1998); *Hartley v. CSX Trans., Inc.* 187 F3d 422, 426 (4th Cir. 1999) (holding "slight" possibility of recovery ends jurisdictional inquiry).

11. The last case relied on by the Defendant is *Cavalinie v. State Farm Mutual Auto Insurance Co.*, 44 F3d. 256, 260 (5th Cir. 1995). In *Cavalinie* the Plaintiff purchased a hospitalization insurance policy from State Farm through State Farm agent Cunningham. The Plaintiffs filed suit in Texas state Court against State Farm and the agent Cunningham asserting breach of contract and breach of the duty of good faith in fair dealing. The case

7

was removed by the defendants alleging Cunningham's joinder was fraudulent. In this case the court notes that the only references to Cunningham were included in the first paragraph providing an address for service, the second paragraph in general, and failed to include him in the third paragraph which states claims for breach of contract and breach of the duty of good faith and fair dealing. In short, the fifth circuit concluded that there were no theories of liability advanced against Defendant Cunningham and therefore there was fraudulent joinder. As explained above the circumstances in this case are far different from those in *Cavalinie* and defendant GMC's reliance on this case has once again missed the mark.

## CONCLUSION

12.  Realignment of the parties is improper because several of the Plaintiffs are not family members of Noe Cruz, Sr. Moreover, Texas recognizes a cause of action by a spouse and family members against a parent or spouse for negligent conduct in connection with the operation of an automobile. Finally, Defendant GMC has already alleged in its answer that Noe Cruz, Sr., was negligent. GMC will likely file a claim for contribution against Robert Cruz, D/B/A Cruz Trucking and Noe Cruz, Sr., pursuant to Chapter 33 of the Civil Practice and Remedies Code as stated in its answer. With regard to fraudulent joinder, Plaintiffs have clearly stated a cause of action against Robert Cruz D/B/A Cruz Trucking in that under Texas law an employer is vicariously liable for the conduct of its employee when that employee is acting in the course and scope of his employment at the time the damages are caused. For the reasons stated in this motion to remand, Plaintiffs request the Court grant the motion to remand, remand this suit to the state court where it was originally filed and award Plaintiffs the court costs, expenses and

attorneys fees associated with filing of this Motion to Remand the improvident notice of removal filed by Defendant GMC and for such other and further relief to which these Plaintiffs may show themselves justly entitled.

Signed on, February 1, 2002.

    Respectfully submitted,

    WILLETTE & GUERRA, L.L.P.
    International Plaza, Suite 460
    3505 Boca Chica Boulevard
    Brownsville, Texas   78521
    Telephone: (956) 541-1846
    Facsimile: (956) 541-1893

By: _____
    CHARLES WILLETTE, JR.
    State Bar No. 21509700
    U.S.D.C. 1937
    R.D. GUERRA
    State Bar No. 08578640
    U.S.D.C. 5949
    HUGH P. TOUCHY
    State Bar No. 20150800
    U.S.D.C. 12401

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail return receipt requested to opposing counsel, on February 1, 2002 addressed as follows:

Mr. Kyle H. Dreyer
Hartline, Dacus, Dreyer & Kern, L.L.P.
6688 N. Central Expressway, Ste. 1000
Dallas, Texas 75206
**ATTORNEYS FOR DEFENDANT GENERAL MOTORS COMPANY**

Mr. Rene O. Oliveira
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Rd., Ste. 9
Brownsville, Texas 78520
**ATTORNEYS FOR DEFENDANT ROBERTO CRUZ D/B/A CRUZ TRUCKING**

Mr. Joseph A. "Tony" Rodriguez
Rodriguez, Colvin & Chaney
1201 E. Van Buren Street
Brownsville, Texas 78520
**ATTORNEYS FOR DEFENDANT GENERAL MOTORS CORPORATION**

Mr. Ricardo Godinez
Law Office of Ricardo Godinez
520 Pecan, Ste. G
McAllen, Texas 78501
**ATTORNEYS FOR DEFENDANT NOE CRUZ, SR.**

_____
**CHARLES WILLETTE, JR.**

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern district of Texas do not require a conference for this pleading.

_____
**CHARLES WILLETTE, JR**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN JESUS CHAVEZ, INDIVIDUALLY, A/N/F JULISA CHAVEZ AND JESSE R. CHAVEZ, MINOR CHILDREN AND AS REPRESENTATIVE OF THE ESTATE OF JUANITA C. CHAVEZ, DECEASED; SANDRA CRUZ, INDIVIDUALLY, A/N/F CASSANDRA CRUZ AND AS REPRESENTATIVE OF THE ESTATES OF CASEY R. CRUZ AND NOE CRUZ, JR. MINOR CHILDREN, DECEASED; VIRGINIA CRUZ; and DIEGO MORALES, JOANNE CRUZ MENDEZ, MARIA ELENA MARTINEZ AND JUAN JESUS CHAVEZ, AS LEGAL GUARDIAN OF MANUEL SAYAS | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-02-012 (Jury Requested) |
| GENERAL MOTORS CORPORATION, ROBERTO CRUZ D/B/A CRUZ TRUCKING and NOE CRUZ, SR. | § § § | |

## ORDER SETTING HEARING

On this the _____ day of _____, 2002 came on for consideration Plaintiffs' Motion for Remand. The court having reviewed said motion together with the papers on file is of the opinion that a hearing shall be held thereon.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED, that Plaintiffs' Motion for Remand is hereby set for hearing on the _____ **day of** _____, 2002 **at** _____ **o'clock** in the US District Court for the Southern District of Texas Brownsville Division.

Signed for entry on this _____ day of _____, 2002.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN JESUS CHAVEZ, INDIVIDUALLY, A/N/F JULISA CHAVEZ AND JESSE R. CHAVEZ, MINOR CHILDREN AND AS REPRESENTATIVE OF THE ESTATE OF JUANITA C. CHAVEZ, DECEASED; SANDRA CRUZ, INDIVIDUALLY, A/N/F CASSANDRA CRUZ AND AS REPRESENTATIVE OF THE ESTATES OF CASEY R. CRUZ AND NOE CRUZ, JR. MINOR CHILDREN, DECEASED; VIRGINIA CRUZ; and DIEGO MORALES, JOANNE CRUZ MENDEZ, MARIA ELENA MARTINEZ AND JUAN JESUS CHAVEZ, AS LEGAL GUARDIAN OF MANUEL SAYAS | § § § § § § § § § § § § § § § § § § § § § | |
| i. | § § § | CIVIL ACTION NO. B-02-012 (Jury Requested) |
| GENERAL MOTORS CORPORATION, ROBERTO CRUZ D/B/A CRUZ TRUCKING and NOE CRUZ, SR. | § § § § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

On this day, came on to be heard Plaintiffs' Motion for Remand filed in this cause. All parties appeared by and through respective counsel. The Court after examining the evidence and hearing the arguments of counsel is of the opinion and finds that Plaintiffs' Motion for Remand be GRANTED.

IT IS THEREFORE, ORDERED ADJUDGED and DECREED that Plaintiffs' Motion for Remand is GRANTED and this case is hereby remanded to the 357th Judicial District court of Willacy County, Texas. It is further ordered that defendant GMC shall be pay attorneys fees in the amount of _____ to the Plaintiffs.

All relief requested and not expressly granted is hereby denied.

Signed this the ___ day of, _____ 2002.

_____
JUDGE PRESIDING