United States District Court
Southern District of Texas
FILED

CAUSE NO. 01-374                                    FEB 2 0 2002

                                                    Michael N. Milby
|                                                     | Clerk of Court |
| --------------------------------------------------- | -------------- |
| JUAN JESUS CHAVEZ, INDIVIDUALLY, §                  | IN THE DISTRICT COURT OF |
| A/N/F JULISA CHAVEZ AND JESSE §                     |                |
| R. CHAVEZ, MINOR CHILDREN AND AS §                  |                |
| REPRESENTATIVE OF THE ESTATE §                      |                |
| OF JUANITA C. CHAVEZ, DECEASED §                    |                |
| SANDRA CRUZ, INDIVIDUALLY, A/N/F §                  |                |
| CASSANDRA CRUZ AND AS §                             |                |
| REPRESENTATIVE OF THE ESTATES OF §                  | CAB-02-12      |
| CASEY R. CRUZ AND NOE CRUZ, JR., MINOR §            |                |
| CHILDREN, DECEASED; VIRGINIA CRUZ; §                |                |
| AND DIEGO MORALES, JOANNE CRUZ §                    |                |
| MENDEZ, MARIA ELENA MARTINEZ AND §                  |                |
| JUAN JESUS CHAVEZ, AS LEGAL §                       |                |
| GUARDIAN OF MANUEL SAYAS §                          |                |
| §                                                   | WILLACY COUNTY, TEXAS |
| V. §                                                |                |
| §                                                   |                |
| GENERAL MOTORS CORPORATION, §                       |                |
| ROBERTO CRUZ D/B/A CRUZ §                           |                |
| TRUCKING AND NOE CRUZ, SR. §                        | 357TH JUDICIAL DISTRICT |

## GENERAL MOTORS CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND AND BRIEF IN SUPPORT THEREOF

**TO THE UNITED STATES DISTRICT COURT:**

Comes now General Motors Corporation (General Motors), a Defendant in the above-styled

action, and files this its Response to Plaintiffs' Motion to Remand and Brief in Support Thereof and

would show unto the Court as follows:

### I.

### FACTUAL BACKGROUND

This action arises out of an automobile accident which occurred on August 10, 2001,

involving a 2000 Chevrolet Tahoe. According to Plaintiffs, the Tahoe was owned by Juan Jesus

Chavez and Juanita C. Chavez, deceased[1]. See Plaintiffs' Original Petition. Plaintiffs also allege

Roberto Cruz d/b/a Cruz Trucking asked Noe Cruz, Sr. to drive to New Mexico to pick up a truck

and trailer to bring back to Willacy County where he resides. "While traveling to the state of New

Mexico, he was giving the Plaintiffs a ride to a funeral." See Plaintiffs' Motion to Remand page 3,

paragraph 6. The accident occurred while they were traveling to New Mexico.

It is evident from the pleadings that Noe Cruz, Sr. is the father of Noe Cruz, Jr. and Casey

R. Cruz. See Plaintiffs' Motion to Remand page 5, paragraph 7. His wife, Sandra Cruz, is a named

Plaintiff in this lawsuit and has filed a wrongful death act claim against all defendants, including her

husband, for the death of their children. In fact, all of the Plaintiffs are in some way related to Noe

Cruz, Sr. Plaintiff Sandra Cruz, Noe Cruz, Sr.'s wife, has filed a claim for "emotion and mental

trauma from contemporaneous perception of death of **Juanita C. Chavez**, Casey R. Cruz, and Noe

Cruz, Jr. See Plaintiffs' Original Petition page 5 (emphasis added). Nevertheless, Plaintiffs claim

their Original Petition includes parties "which are non-family members of Noe Cruz, Sr." See

Plaintiffs' Motion to Remand page 5, paragraph 7. Plaintiffs continue:

> These Plaintiffs include Juan Jesus Chavez, Individually and as Next
> Friend of Julisa Chavez and Jesse R. Chavez, minor children, who are
> seeking damages against GMC, Noe Cruz, Sr., and Roberto Cruz,
> d/b/a Cruz Trucking in connection with the death of **Juanita C.
> Chavez**, who was the **wife of Juan Jesus Chavez and mother of the
> minor children.**

---

[1] Plaintiffs further plead that Plaintiff Sandra Cruz, Individually and as Next Friend of
Cassandra Cruz, suffered emotional and mental trauma from the contemporaneous perception of
the death of Juanita C. Chavez, and Cruz' children, Casey R. Cruz and Noe Cruz, Jr. It is
apparent from this claim that Sandra Cruz and Juanita C. Chavez are closely related.

Plaintiffs' Motion to Remand page 5, paragraph 7 (emphasis added).  Juanita C. Chavez is one of the persons for which Sandra Cruz brings her bystander claim.[2]  Accordingly, the purported "non family-members of Noe Cruz, Sr." are in fact his family members by marriage.

II.

**MOTION TO ABATE**

A.    **Noe Cruz, Sr. must be aligned with the Plaintiffs for purposes of determining diversity.**

Even if Plaintiffs have stated a colorable claim against Noe Cruz, Sr., this Court should realign Noe Cruz, Sr. as a Plaintiff for purposes of determining diversity.  If the Court finds Noe Cruz, Sr. more than 50 percent liable, he may not recover.  T.C.P.R.C. Sec. 33.001.

The Texas Wrongful Death Act creates one statutory cause of action in which all spouses, c' 'ren and parents assert a single action for wrongful death no matter how many claimants are separately injured by the death.  Christian v. Charter Oak Fire Insurance Company, 847 S.W.2d 478,

---

[2]  A bystander claim is made when a person seeks to recover mental anguish damages allegedly suffered while witnessing an injury to another person.  The Texas Supreme Court first recognized this cause of action in Freeman v. City of Pasadena, 744 S.W.2d 923, 924 (Tex. 1988).  Recognizing there must be some type of limitation on the types of persons permitted to assert such claims, the Freeman Court adopted the requirements outlined by the California Supreme Court in the hallmark case of Dillon v. Legg, 441 P.2d 912 (1968), which first recognized the viability of a bystander claim.  Those requirements are:

1.    Whether the plaintiff was located near the scene of the accident as contrasted with one who is a distance away from it;

2.    Whether the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and

3.    **Whether the plaintiff and the victim are closely related**, as contrasted with an absence of any relationship or the presence of only a distant relationship.

Id., citing Dillon, 441 P.2d 912, 920 (1968) (emphasis added).

460 (Tex. App. -- Tyler, 1993, writ denied). Plaintiff Sandra Cruz has brought a wrongful death

action solely on her behalf as a parent of Casey R. Cruz and Noe Cruz, Jr. Plaintiff has failed,

however, to name decedent's father, Noe Cruz, Sr. as a Plaintiff. Texas law makes it clear Noe Cruz,

Sr. is a necessary party and must be named as a Plaintiff. See Allison v. National U.N. Fire Ins. Co.,

703 S.W.2d 637, 638 (Tex. 1986).[3] Accordingly, General Motors asks the Court to abate this matter

until Noe Cruz, Sr. is named as a wrongful death Plaintiff.

### III.

### ARGUMENT

In determining the status of parties for diversity purposes, it is well established that the court

must look beyond the pleadings to the matters actually in controversy. City of Indianapolis v. Chase

Nat'l Bank of City of New York, 314 U.S. 63, 69-70 (1941); Prudential Real Estate Affiliates,

Inc. v. PPR. Reality Incorporated, 204 F3d 867, 873 (9th Cir. 2000); Eikel v. States Marine Lines

Inc., 473 F.2d 959, 963 (5th Cir. 1973). Federal jurisdiction cannot be conferred or denied "by the

party's own determination of who are plaintiffs and who are defendants." City of Indianapolis, 314

U.S. at 69. It is the duty of the federal courts "to look beyond the pleadings, and arrange the parties

---

[3] Texas Rule of Civil Procedure 39 states, in part:
> A person who is subject to serve as a process shall be joined as a
> party in the action if (1) in his absence, complete relief cannot be
> accorded among those already parties or (2) he claims an interest
> relating to the subject of the action and is so situated that the
> disposition of the action in his absence may (i) as a practical matter
> impair or impede his ability to protect that interest or (ii) leave any
> of the persons already parties subject to a substantial risk of
> incurring double, multiple, or otherwise inconsistent obligations are
> recent of his claimed interest. If he has not been so joined, the
> Court shall order that he be made a party. If he should join as a
> plaintiff but refuses to do so, he may be made a defendant, or, in a
> proper case, and involuntary plaintiff.

according to their sides in the dispute." Id. Whether the necessary alignment is present among the parties pleaded as adverse "must be ascertained from the principle purpose of the suit . . . and the primary and controlling matter in dispute." Id. Noe Cruz, Sr. has a statutory right to any potential recovery against General Motors for the deaths of his children. Moreover, Plaintiffs are each in some way Noe Cruz, Sr.

Noe Cruz, Sr. is a necessary plaintiff in this lawsuit against General Motors. As such, Noe Cruz, Sr. and Plaintiffs are tightly aligned on the principle and controlling matter in dispute -- i.e. whether General Motors is liable in strict products liability for the alleged defects. Noe Cruz, Sr., a defendant in name only, has such an identity of interest with Plaintiffs on the primary and controlling matter in dispute that they should be aligned for purposes of determining jurisdiction. See e.g., Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir. 1984) ("realignment is to be determined according to the "principle purpose of the suit and the primary and controlling matter in dispute").

The fact that Noe Cruz, Jr. is named as a defendant in this action is not controlling. See Employer's Ins. of Wausau v. Crown Cork & Seal Co., Inc., 942 F.2d 862, 867 (3rd Circuit 1991) ("courts do not look to cross claims and counterclaims to determine the primary issue of a dispute"); Zurn Indus., Inc. v. Acton Const. Co., Inc., 847 F.2d 234, 237 (5th Cir. 1988) ("[t]he determination of the primary and controlling matter in dispute does not include the cross claim and counter claims filed . . . ."). Rather, the majority of circuits follow the "primary purpose" test, under which a court must first identify the primary issue in controversy and then align the parties according to their positions with respect to the primary issue. See Employers Ins. of Wausau, 942 F.2d at 864-66; United States Fidelity & Guar. Co. v. A&S Manuf. Co., Inc., 48 F.3d 131, 134 (4th Cir. 1995); Lowe, 723 F.2d at 1178; United States Fidelity and Guaranty v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Circuit, 1992); Dolch v. United Cal. Bank, 702 F.2d 178, 181 (9th Cir. 1983). The test

requires realignment even where diversity of interest may exist on secondary issues. See Eikel, 473 F.2d at 963, 64.

In Eikel, the Fifth Circuit squarely addressed the issue of realigning parties for purposes of diversity when diversity exists on secondary issues in the lawsuit. See Eikel, 473 F.2d at 963 - 64. To properly determine diversity, the Eikel court first determined the issue in dispute and aligned the parties according to their positions relative to that issue. Thus, because the crux of the lawsuit was payment for services performed by a law firm, the court aligned a lawyer with his ex-partners in a lawsuit against a client to recover the fee, despite the fact that the lawyer was suing the other lawyers over how the fee should be divided. Eikel, 473 F.2d at 964; See also Dolch v. United Cal. Bank, 702 F.2d 178, 181 (9th Cir. 1983) ("[i]f the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes. Realignment may be required even if diversity of interest exists on other interest.").

There is nothing before the Court which indicates Plaintiffs could obtain anything from Noe Cruz, Sr. beyond his portion of the proceeds from this lawsuit, if any, which he would be entitled to pursuant to the Texas Wrongful Death Act. In essence, Plaintiffs' claim against Noe Cruz, Sr. is nothing more than a cross-claim to determine the division of potential proceeds, in the same way that the secondary claim in the Eikel case was a claim for division of proceeds from the lawsuit.

When the parties are properly aligned and Noe Cruz, Sr.'s status as a defendant is disregarded for diversity purposes, there is complete diversity among the parties -- the Texas Plaintiffs and General Motors, a citizen of Michigan and Delaware. See Eikel, 473 F.2d at 964 (realigning a defendant as a plaintiff for purposes of determining diversity and finding "once this realignment is accomplished, diversity remains undisturbed.").

**III.**

## PLAINTIFFS DO NOT HAVE A CAUSE OF ACTION AGAINST ROBERTO CRUZ D/B/A CRUZ TRUCKING

Plaintiffs assert a cause of action against Noe Cruz, Sr. for his alleged failure to use ordinary care while driving the Tahoe. See Plaintiffs' Original Petition page 6, section 11. Plaintiffs further plead, Defendant Robert Cruz d/b/a Cruz Trucking is liable to Plaintiffs because Noe Cruz, Sr., was acting in the course and scope of his employment of Roberto Cruz d/b/a Cruz Trucking at the time of the accident. See Plaintiffs' Original Petition page 6, section 11. Interestingly, Plaintiffs' Motion to Remand states "Noe Cruz, Sr., had been requested by his employer, Roberto Cruz d/b/a Cruz Trucking to drive to New Mexico to pick up a truck and trailer to bring back to Willacy County. **While traveling to the State of New Mexico, he was giving the Plaintiffs a ride to a funeral.**[4] The accident occurred while he was driving his family to a funeral in New Mexico, before he picked up the truck and trailer to return to Willacy County.

Under general agency principles, a master is only subject to liability for the torts of his servants committed while they were acting in the scope of their employment. Arguello v. Conoco, Inc., 207 F.3d 803, denied (Tex. 2000); Escobedo v. Conoco, Inc., 121 S.Ct. 177, 531 U.S. 874, 148 L.Ed.2d 121. Facts used by courts to determine whether an employee's acts are within the scope of employment are 1) the time, place and purpose of the acts; 2) its similarity to acts which a servant is authorized to perform; 3) whether the act is commonly performed by servants; 4) the extent of departure from normal methods; and 5) whether the master would reasonably expect such act would

---

[4] General Motors reminds the Court that the passengers included Noe Cruz's wife and children. Further, the remaining passengers are related to Noe Cruz, Sr. directly or by marriage. See Plaintiffs' Motion to Remand page 5, paragraph 7 and Factual Background infra.

be performed. Id. citing Restatement (Second) of Agency Sections 219 and 228. An employee acts within the course and scope of his employment when his actions are within the general authority given to him by his employer in furtherance of the employers business and for accomplishment of the objective for which he is employed. Palmer v. Flaggman, 93 F.3d 196 (Tex. 1996). Here, Plaintiffs have alleged that Noe Cruz, Sr. was asked by Roberto Cruz d/b/a Cruz Trucking to perform a "special mission." See generally Garcia v. United States, 88 F.3d 318 (5th Cir. 1996). In Garcia, the Environmental Protection Agency dispatched one of its special agents headquartered in Dallas, Texas to Austin to assist with a criminal investigation over several days. Id. at 320. While in Austin, the agent consumed several alcoholic beverages and was involved in an automobile accident. While on a special mission, an employee is considered to be in the course and scope of his employment from the time the mission until it is completed. "Absent any deviation of therefrom for personal reasons." Id. at 321, citing Chevron v. U.S.A., Inc. v. Lee, 847 S.W.2d 354, 356 (Tex. Ct. of App. -- El Paso, 1993) (emphasis added). The Chevron deviation exception is consistent with the general rule:

> When the servant turns aside, for however short a time, from the prosection of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for that for which he does in pursuing his own business or pleasure is upon him alone.

Id. at 321 quoting Texas & Pac. Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236, 241 (1952). The Garcia court assumed, arguendo, that the agent's entire stay in Austin was a part of his special mission. Nevertheless, the court concluded that at the time of the accident, the agent was engaged in a personal deviation outside the scope of his employment. Id. at 321.

Similarly, Plaintiffs claim Noe Cruz, Sr. was on a "special mission" for his employer, Roberto Cruz d/b/a Cruz Trucking. The mission required Noe Cruz, Sr. to drive to New Mexico to pickup a truck and trailer to drive back to Willacy County. However, the accident occurred while he was

driving to New Mexico and before he had picked up the truck and trailer to return to Willacy County. Further, as stated by Plaintiffs, he was traveling to a funeral in New Mexico at the time of the accident -- Plaintiffs did not state whether he was to attend the funeral with the rest of the family. Again, his passengers included his wife, children and various other family members, some by marriage. In other words, the accident occurred while Noe Cruz, Sr. was traveling with his family to a funeral in New Mexico. Counsel cannot think of a more personal affair than that of traveling to a funeral with one's family.

Additionally, Juan Jesus Chavez and Juanita C. Chavez owned the Tahoe. See Plaintiffs' Original Petition, page 3, section 5. As inferred by Sandra Cruz' bystander claim for the death of Juanita C. Chavez, Juanita C. Chavez was Noe Cruz, Sr.'s family member by marriage. There is no evidence before the Court that Roberto Cruz d/b/a Cruz Trucking owned the Tahoe or was in any way linked to the trip to the funeral. Further one cannot argue that Noe Cruz, Sr. was driving his family to a funeral to further the assigned business agenda of Roberto Cruz d/b/a Cruz Trucking. Accordingly, to the extent Noe Cruz, Sr. was traveling with his wife, children and other family members to a funeral at the time of the accident, Plaintiffs have failed to state a viable cause of action against Defendants Roberto Cruz d/b/a Cruz Trucking.

## IV.

## CONCLUSION

As the case law demonstrates, the Court must consider the principle purpose of this suit and the primary and controlling matter in dispute. As the foregoing discussion makes clear, Noe Cruz, Sr. must be realigned as a plaintiff for purposes of determining jurisdiction. Further, as Noe Cruz, Sr. was not acting within the scope of his employment at the time of the accident. Plaintiffs have no cause of action against Robert Cruz d/b/a Cruz Trucking. Accordingly, Plaintiffs' Motion to Remand

must be denied.

WHEREFORE PREMISES CONSIDERED, Defendant General Motors Corporation respectfully prays that this Court exercise jurisdiction over the present case and deny Plaintiffs' Motion to Remand. General Motors Corporation also asks the Court to abate this cause of action until Noe Cruz, Sr. has been properly named as a wrongful death plaintiff.

Respectfully submitted,


**KYLE H. DREYER**
State Bar No. 60119500

**HARTLINE, DACUS, DREYER & KERN, L.L.P.**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214)369-2100
(214)369-2118 - Facsimile


**JOSEPH A. ("TONY") RODRIGUEZ**
State Bar No. 17146600
**RODRIGUEZ, COLVIN & CHANEY**
P. O. Box 2155
Brownsville, Texas 78522

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via Certified Mail, Return Receipt Requested and/or regular mail, on this _____ day of _____, 2002.

# VERIFICATION

STATE OF TEXAS          §
                       §
COUNTY OF DALLAS        §

Before me, the undersigned authority, on this day personally appeared Veronica H. Hardeman, who afer being duly sworn by me on her oath, deposed and stated that she has read the foregoing General Motors Corporation's Response to Plaintiffs' Motion to Remand and Brief in Support Thereof, and the facts contained therein are true and correct to the best of her knowledge.

*Veronica H. Hardeman*

SUBSCRIBED AND SWORN TO BEFORE ME on this the *19th* day of *February* 2002, to certify which witness my hand and official seal of office.

ANNETTE CAREY
Notary Public, State of Texas
My Commission Exp. 10-15-2002

*Annette Carey*

Notary Public in and for the State of Texas