IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 0 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUAN JESUS CHAVEZ et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. B-02-012 | |
| § | | |
| GENERAL MOTORS CORP., et al., § | | |
| Defendants. § | | |

**ORDER**

BE IT REMEMBERED that on April 4, 2002, the Court considered the Plaintiffs' Motion to Remand [Dkt. No. 3], Defendant General Motors Corp.'s Response to Plaintiffs' Motion to Remand [Dkt. No. 7], and Plaintiffs' Reply to Defendant General Motors Corp.'s Response to Plaintiffs' Motion to Remand [Dkt. No. 8]. For the reasons that follow, the Motion to Remand is **GRANTED** and the case is hereby **REMANDED** to the 357th Judicial District Court of Willacy County, Texas, pursuant to 28 U.S.C. §1447(c) on the grounds that no diversity jurisdiction exists. The case was removed to this Court on January 22, 2002.

I.

This case arises out of an automobile accident involving an automobile manufactured by Defendant General Motors Corp. ("GM"). At the time of the accident, the vehicle was being driven by Defendant Noe Cruz, Sr. ("Cruz"). Plaintiffs maintain, and Defendants do not contest, that Cruz's employer, Roberto Cruz d/b/a Cruz Trucking ("Cruz Trucking"), had requested that Cruz retrieve a truck and trailer in New Mexico and drive it back to Willacy County. At the time of the accident, Cruz, driving a Chevrolet Tahoe, was driving the Plaintiffs to a funeral which was also in the state of New Mexico. He had not yet picked up the truck and trailer requested by Cruz Trucking. The Tahoe was owned by Juan Jesus Chavez and Juanita Chavez.

Plaintiffs argue that diversity jurisdiction is destroyed because of the joinder of two Defendants, Cruz and Cruz Trucking. Defendants claim that these two Defendants

were fraudulently joined, and that the Court should therefore assert diversity jurisdiction. Under the doctrine of fraudulent joinder, a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined; i.e., when "either . . . there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts." <u>Jerningan v. Ashlen Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993) (emphasis in original).

II.

Defendants argue that Noe Cruz, Sr. was not acting within the scope of his employment at the time of the accident, and that therefore Plaintiffs have no cause of action against Cruz Trucking.[1]

A master is liable for the tort of its servant when the servant is acting with in the scope of his employment. <u>Escobedo v. Conoco</u>, 531 U.S. 874 (2000); Restatement (Second) of the Law of Agency § 219. An employee acts within the scope of employment if he acts 1) within the general authority given by his employer, 2) in furtherance of the employer's business, and 3) for the accomplishment of the object for which he was employed. See <u>Garcia</u>, 88 F.3d at 320-21.[2] Further, an employee in Texas acts within the scope of his employment if he undertakes a special mission at the direction of his employer, or performs a service in furtherance of the employer's business with the express or implied approval of the employer. See <u>American General</u>

---

[1] Defendants also argue that because Cruz has a statutory right to any recovery against GM for the deaths of his children, he is fraudulently named as a Defendant here. Defendants argue that in reality Cruz is a necessary <u>plaintiff</u> in this suit and should be named as such. In light of the Court's holding as to Cruz Trucking, the Court leaves this determination to the 357th Judicial District Court.

[2] Other factors used in determining whether an employee is acting within the scope of his employment may include: 1) the time, place and purpose of the acts; 2) the similarity of the act to acts which a servant is authorized to perform; 3) whether the act is commonly performed by servants; 4) the extent of departure from normal methods; and 5) whether the master would reasonably expect such act would be performed. <u>Arguello v. Conoco</u>, 207 F.3d 803 (5th Cir.) citing Restatement (Second) of Agency §§ 219 & 228 <u>cert. denied</u> at 531 U.S. 874 (2000).

2

Insurance Co. v. Coleman, 303 S.W.2d 370 (Tex. 1957) cited in Garcia v. United States, 88 F.3d 318 (5th Cir. 1996). However, there is an exception to this general rule: "[i]f found to be on a special mission, the employee will be considered to be in the course and scope of his employment from the time that the employee commences the special mission until its termination, absent any deviation therefrom for personal reasons." Garcia, 88 F.3d at 321 quoting Chevron , U.S.A., Inc. v. Lee, 847 S.W.2d 354, 356 (Tex. Ct. App. El Paso, 1993) (emphasis from Garcia). "When the servant turns aside, for however short a time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for that which he does in pursuing his own business or pleasure is upon him alone." Texas & Pac. Ry. Co. v. Hagenloh, 247 S.W.2d 236 (Tex. 1952).

In Garcia, an agent of the Environmental Protection Agency driving a government-owned vehicle was found not to be acting within the scope of his employment at the time he was involved in an accident. The agent was given a per diem allowance for food, gasoline and lodging, but not for alcoholic beverages. After consuming several alcoholic beverages late at night, the agent was involved in an accident. The Court held in relevant part that, because the agent had finished work for the day at the time of the accident, and was engaged in an activity for which he was not compensated by the employer (consuming alcohol), he was not acting within the scope of his employment. Id. at 321.

The case before the Court is distinguishable. The mere fact that Cruz had other people in the car does not mean, by itself, that he deviated from the special mission of retrieving the truck and trailer. The truck and trailer were located in New Mexico, as was the funeral. According the Plaintiffs' Original Complaint [Dkt. No. 1 attachment], the accident occurred when the Plaintiffs were "traveling westbound on Interstate Highway 10 approximately 15 miles from Iraan, Pecos County, Texas." Plaintiffs maintain, and Defendants do not dispute, that at least part of the purpose of the trip was for Cruz to drive to New Mexico and retrieve a trailer and truck [Dkt. No. 3 at 3]. Because the *driving* to New Mexico was a part of the appointed task, the special mission commenced at the time that Cruz began the drive to New Mexico. There is no

evidence that at the time of the accident, Cruz had "turn[ed] aside . . . from the prosecution of the master's work to engage in an affair wholly his own" thereby ceasing to act for the master. See Hagenloh, 247 S.W.2d at 241. Under Garcia, he was therefore considered to be in the course and scope of his employment from the time that he commenced the special mission until its termination. See Garcia, 88 F.3d at 321. Absent any showing of deviation from the designated task, the Court will consider that Cruz was acting within the scope of his employment. The Court therefore cannot conclude that there is no possibility that a cause of action lies against the employer. See Jerningan, 989 F.2d at 815. Therefore, the employer, Cruz Trucking, is properly named as a Defendant and the parties are not diverse. The Court, having no jurisdiction over this case, **REMANDS** it to 357th Judicial District Court of Willacy County, Texas, pursuant to 28 U.S.C. §1447(c) for lack of diversity jurisdiction.

DONE this 4th day of April, 2002, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

4